■ LEON SCHOFIELD et al., Respondents, v WHITE-RODGERS DIVISION OF EMERSON ELECTRIC COMPANY, Appellant and Third-Party Plaintiff, et al., Defendants, et al., Third-Party Defendant. (Appeal No. 1.)—Order unanimously affirmed with costs. Memorandum: Defendant White-Rodgers appeals from separate orders which denied its motion for summary judgment dismissing plaintiffs' complaint, and granted the motion of codefendant Feligno for summary judgment dismissing plaintiffs' complaint. Plaintiffs seek to recover from White-Rodgers and Feligno for property damage sustained by them as a result of the explosion of the cast-iron boiler of their heating system. Plaintiffs allege that White-Rodgers defectively manufactured a diaphragm gas valve, and that Feligno, a heating contractor that performed unrelated work on plaintiffs' furnace about two weeks before the explosion, negligently failed to discover a defective water pressure relief valve. White-Rodgers states a cross claim against Feligno for contribution or indemnification.

The court properly denied White-Rodgers' motion for summary judgment. In opposition to the motion, plaintiffs proffered expert opinion evidence that the explosion was precipitated by a tear in the diaphragm of the gas control valve manufactured by White-Rodgers. That opinion is buttressed by language in White-Rodgers' instruction manual which warns that a tear in the valve diaphragm could result in the uncontrolled flow of gas. Plaintiffs' submissions raise a triable question of fact warranting denial of White-Rodgers' motion.

Feligno's motion for summary judgment was properly granted. In support of its motion, Feligno submitted the affidavit and EBT testimony of its principal, who averred that he was called to plaintiffs' residence on Christmas Eve to restore heat, that he discovered that the problem was a defective relay, and that he replaced the relay. He averred that he was not asked, and thus did not agree or undertake, to perform any other service. That contention is supported by an invoice in which Feligno billed plaintiffs for the replacement of the relay and no other work. In an attempt to refute that assertion, plaintiffs submitted the EBT testimony of plaintiff wife. She averred that she was "trying to recall" what she said and thought she told the heating contractor to "check it over and if anything else needs to be done, do it". She was

equivocal about what she meant by that. Initially, she testified that her instructions meant that the heating contractor should "see that everything was in proper working order in the furnace". Subsequently, however, she conceded that she did not intend that the contractor should take the furnace apart.

Considering the vagueness of those instructions, we conclude that they would not support a finding that Feligno was negligent in failing to diagnose and rectify the problem with the pressure relief valve. (Appeal from Order of Supreme Court, Ontario County, Boehm, J.—Summary Judgment.) Present—Dillon, P. J., Denman, Green, Lawton and Davis, JJ.